# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GABRIEL JONES | CIVIL ACTION |
| VERSUS | CASE NO. 18-13950 |
| MARIE ANN RAMOS TRINIDAD, et al. | SECTION: "G"(5) |

## ORDER AND REASONS

Before the Court is Plaintiff Gabriel Jones' ("Plaintiff") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and remand this matter to the Civil District Court for the Parish of Orleans, State of Louisiana.

## I. Background

Plaintiff filed this lawsuit on November 28, 2017, in the Civil District Court for the Parish of Orleans.[2] In the petition, Plaintiff alleges that on December 6, 2016, he was driving a 2014 Volkswagen Jetta on Audubon Boulevard at S. Claiborne Avenue.[3] At the same time, Defendant Marie Ann Ramos Trinidad ("Trinidad") was operating a 2006 Hummer with liability insurance coverage provided by United Services Automobile Association ("USAA").[4] Plaintiff alleges that Trinidad ran a stop sign at Audubon Boulevard and S. Claiborne Avenue and struck a 2015 Nissan

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 1-1 at 1.

[3] *Id.*

[4] *Id.*

1

Altima.[5] As a result of the crash, Plaintiff alleges that the Nissan Altima violently collided with Plaintiff's vehicle and caused it to be pushed into another vehicle.[6]

In the petition, Plaintiff named Trinidad and USAA as defendants.[7] Trinidad and Plaintiff were both residents of the state of Louisiana.[8] Plaintiff also named his uninsured/underinsured motorist insurance carrier, James River Insurance Company ("James River") as a defendant.[9] On May 24, 2018, Plaintiff filed a motion to dismiss defendants Trinidad and USAA, representing that Plaintiff had settled all claims with those defendants.[10] On June 6, 2019, the state court granted the motion and dismissed Plaintiff's claims against Trinidad and USAA with prejudice.[11]

On December 19, 2018, James River removed the case to this Court, alleging complete diversity of citizenship and an amount in controversy exceeding $75,000.[12] In the Notice of Removal, James River asserts that the notice was timely because it was not served with the Order dismissing Trinidad, the non-diverse defendant, and USAA, and "plaintiff's failure to serve and/or provide any notice whatsoever to James River of the filing of the Motion and Judgment of Partial Dismissal constitutes bad faith because it prevented James River from exercising its right to file a

---

[5] *Id.*

[6] *Id.* at 2.

[7] *Id.* at 1.

[8] *Id.*

[9] *Id.*

[10] Rec. Doc. 1-2 at 1.

[11] *Id.* at 2.

[12] Rec. Doc. 1.

Notice of Removal."[13] On January 18, 2019, Plaintiff filed the instant motion to remand.[14] On February 4, 2019, James River filed an opposition to the motion to remand.[15]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of Motion to Remand*

In the motion, Plaintiff first asserts that the case should be remanded because removal was not timely.[16] Plaintiff notes that the case was removed more than one year after it was filed in state court.[17] Plaintiff also notes that the case was removed more than 30 days after the non-diverse defendant was dismissed.[18] Furthermore, Plaintiff argues that he did not act in bad faith to prevent removal, as required to allow removal more than one year after the case is filed pursuant to 28 U.S.C. § 1446(c)(1).[19]

Addressing James River's assertion that it did not receive notice of the order dismissing Trinidad and USAA, Plaintiff contends that his counsel did not file the motion to dismiss USAA with the state court, and he believes "that the custom and practice is that often the party filing the judgment circulates it as well."[20] Furthermore, Plaintiff notes that James River filed a "Request for Notice" in the trial court, and pursuant to Louisiana Code of Civil Procedure articles 1913 and

---

[13] *Id.* at 7.

[14] Rec. Doc. 6.

[15] Rec. Doc. 7.

[16] Rec. Doc. 6-1 at 3.

[17] *Id.*

[18] *Id.* at 7.

[19] *Id.* at 3.

[20] *Id.* at 5 (citing Rec. Doc. 6-2).

3

1914, he would have received notice from the Clerk of Court of "the signing of any final judgment or the rendition of any interlocutory order of judgment."[21]

Plaintiff also asserts that review of correspondence between the attorneys reveals that James River was aware that the non-diverse defendant was dismissed.[22] Plaintiff notes that his counsel sent an email to counsel for James River on May 30, 2018, requesting discovery responses, but did not copy counsel for the dismissed defendants.[23] Plaintiff admits that counsel for James River sent correspondence on June 21, 2018, and did copy counsel for the dismissed defendants.[24] However, Plaintiff contends that James River's counsel did not copy the attorneys for the dismissed defendants on any further correspondence.[25] Furthermore, Plaintiff notes that a Notice of Deposition was filed by counsel for James River, and the notice was only sent to Plaintiff's counsel.[26]

Finally, Plaintiff asserts that James River received notice of the dismissal of the non-diverse defendant.[27] Specifically, Plaintiff contends that counsel for Trinidad requested that notice of the dismissal be sent to counsel for James River.[28] Therefore, Plaintiff contends that "James River has improperly and wrongly alleged bad faith and manipulation of the proceedings."[29]

---

[21] *Id.* at 2, 5.

[22] *Id.* at 5.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 6.

[26] *Id.*

[27] *Id.*

[28] *Id.* at 7.

[29] *Id.*

Accordingly, Plaintiff argues that "the removal is untimely as to both the one year and thirty-day time delays for such and must be remanded to Orleans Parish Civil District Court."[30]

### B. *James River's Arguments in Opposition to the Motion to Remand*

In opposition, James River asserts that Plaintiff's failure to properly serve or notify James River of the dismissal of the non-diverse defendant amounts to bad faith and should prevent remand.[31] James River notes that Plaintiff voluntarily dismissed USAA and Trinidad on May 24, 2018, but James River asserts it was not aware of the dismissal until November 19, 2018, when its counsel noticed the dismissal while checking the state court record online.[32]

James River argues that Plaintiff's failure to serve or notify James River of the dismissal of the non-diverse defendant amounts to bad faith under 28 U.S.C. § 1446(c)(1) and should prevent remand.[33] James River asserts that under Louisiana law all pleadings must be served on all counsel of record by: (1) mailing a copy to the counsel of record; (2) delivering a copy to the counsel of record; (3) delivering a copy to the clerk of court if there is no counsel of record; or (4) transmitting a copy by electronic means to counsel of record.[34] Furthermore, James River contends that the motion to dismiss reads "on motion of plaintiff Gabriel Jones," making clear that it was Plaintiff's motion.[35] James River argues that Plaintiff was not relieved of his obligation to notify James River

---

[30] *Id.*

[31] Rec. Doc. 7 at 2.

[32] *Id.*

[33] *Id.*

[34] *Id.* (citing La. Code Civ. Pro. art. 1313).

[35] *Id.* at 3.

5

of the motion simply because Plaintiff's counsel did not prepare the motion.[36]

James River notes that Plaintiff has not provided any documentation to show that James River was ever notified of the dismissal.[37] Moreover, James River argues that Plaintiff should not assume that counsel for James River knew about the dismissals because counsel for the dismissed defendants were not copied in the email chain.[38]

Alternatively, James River asserts that equitable considerations justify tolling the one-year removal limitation.[39] In support, James River cites *Tedford v. Warner-Lambert Co.*, a Fifth Circuit case stating that the "one year deadline in the removal statute is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit."[40] James River contends that "Plaintiff's failure to timely and properly serve and/or notify James River of the dismissal of the non-diverse defendant should toll the one-year procedural limitation of Section 1446(b)."[41]

### III. Legal Standard

Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within 30 days of the receipt of a copy of the initial pleading by the defendant.[42] However, if the case is not originally removable, but it later becomes removable, the defendant must remove the case within 30 days of

---

[36] *Id.*

[37] *Id.*

[38] *Id.* at 4.

[39] *Id.*

[40] *Id.* (citing 327 F.3d 423 (5th Cir. 2003)).

[41] *Id.* at 5.

[42] 28 U.S.C. § 1446(b)(1).

notice that the case has become removable.[43] Nevertheless, pursuant to Section 1446(c)(1), even if a defendant receives such notice that a case has become removable after the initial pleading, if it has been more than one year since the commencement of the action, the case may not be removed "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[44]

In *Tedford v. Warner-Lambert Co.*, the Fifth Circuit recognized an equitable tolling exception to the one-year removal period, finding that "Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit."[45] According to the Fifth Circuit in *Tedford*, "[s]trict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction."[46] As a result, the *Tedford* court noted "the time limit for removal is not jurisdictional" and "may be waived" due to the conduct of the parties, including acts of "forum manipulation."[47]

The Fifth Circuit's decision in *Tedford* predates an amendment to Section 1446(c)(1), which codified the bad faith exception to the one-year removal period. Following this amendment, "[c]ourts have not settled on a clear standard for determining bad faith" in the Section 1446(c)(1) context.[48] Several district courts in the Fifth Circuit have equated the Section 1446(c)(1) bad faith

---

[43] 28 U.S.C. § 1446(b)(3).

[44] 28 U.S.C. § 1446(c)(1).

[45] *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003).

[46] *Id.* at 427.

[47] *Id.* at 426 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

[48] *Rantz v. Shield Coat, Inc.*, Case No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017) (Africk, J.) (quoting *Shorraw v. Bell*, Case No. 15-3998, 2016 WL 3586675, at *5 (D.S.C. July 5, 2016) (Childs, J.)).

7

standard with the Fifth Circuit's equitable tolling standard recognized in *Tedford*.[49] Other courts that have considered the issue have likewise focused on whether a plaintiff's conduct demonstrates manipulation of the removal rules in order to prevent a defendant's removal.[50] Ultimately, the burden of showing that plaintiffs acted in bad faith to prevent removal lies with the removing defendant.[51]

## IV. Analysis

Plaintiff asserts that James River was precluded from removing this case because James River failed to remove the action within a year of the commencement of these proceedings in state court or within 30 days of the dismissal of the non-diverse defendant.[52] In opposition, James River argues that it removed the case within 30 days of receipt of notice that the non-diverse defendant was dismissed.[53] James River further argues that Plaintiff's failure to serve or notify James River of the dismissal of the non-diverse defendant amounts to bad faith under 28 U.S.C. § 1446(c)(1) and should prevent remand.[54] Alternatively, James River asserts that equitable considerations justify tolling the one-year removal limitation.[55]

---

[49] *See Steele v. Pro-Tech Foundation Repair*, Case No. 18-542, 2018 WL 1603506 (E.D. La. Apr. 2, 2018) (Brown, J.); *Day v. W. World Ins. Co.*, Case No. 14-348, 2014 WL 4373301, at *4 (M.D. La. Sept. 3, 2014) (Jackson, J.).

[50] *Rantz*, 2017 WL 3188415, at *5 (citing *Shorraw*, 2016 WL 3586675, at *5; *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014); *Tran v. Thompson*, Case No. 14-263, 2014 WL 4161784, at *5 (M.D. La. Aug. 19, 2014) (Dick, J.); *Kidwai v. Fed. Nat'l Mortgage Ass'n*, Case No. 13-972, 2014 WL 252026, at *2 (W.D. Tex. Jan. 22, 2014) (Rodriguez, J.)).

[51] *Id*.

[52] Rec. Doc. 6-1.

[53] Rec. Doc. 7 at 2.

[54] *Id.*

[55] *Id.* at 4.

Section 1446(b)(1) permits removal "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."[56] The parties do not dispute that this case was not initially removable because Plaintiff initially brought claims against Trinidad, a non-diverse defendant. Pursuant to Section 1446(b)(3), "if the case stated by the initial pleading is not removable," a defendant can also remove "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[57] The Fifth Circuit recently addressed this standard in the context of a federal officer removal.[58] In that case, the defendants first learned that the case was removable under the federal officer removal statute during a deposition.[59] The district court held that the 30-day clock began to run on the date of the relevant deposition testimony.[60] The Fifth Circuit reversed this determination, holding that "Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript" because the deposition transcript is "other paper" under Section 1446(b)(3).[61]

In this case, the state trial court issued an order dismissing Plaintiff's claims against the non-diverse defendant on June 6, 2013. Pursuant to Section 1446(b)(3), James River had 30 days

---

[56] 28 U.S.C. § 1446(b)(1).

[57] 28 U.S.C. § 1446(b)(3).

[58] *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018). A remand order "is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). The district court's order remanding the case was appealable because the case was removed under 28 U.S.C. § 1442(a)(1). *Morgan*, 879 F.3d at 606.

[59] *Id.* at 605.

[60] *Id.*

[61] *Id.* at 608, 611.

after receipt of as a copy of the Order dismissing the non-diverse defendant to remove the case. However, James River asserts that it never received a copy of the June 6, 2019 Order, and that it was not aware of the dismissal until November 19, 2018, when its counsel noticed the dismissal while checking the state court record online.[62]

However, even assuming that James River removed the case within 30 days of notice of the dismissal, James River removed the case almost 13 months after it was filed in state court. Considering that James River removed the case more than one year after the action commenced in state court, James River must show that Plaintiff acted in bad faith to prevent removal[63] or that equitable considerations justify tolling of the removal period.[64]

In support of its assertion that Plaintiff acted in bad faith to prevent removal, James River argues that under Louisiana law all pleadings must be served on all counsel of record.[65] Furthermore, James River argues that Plaintiff was not relieved of his obligation to notify James River of the motion simply because Plaintiff's counsel did not prepare the motion, as it is clear from the filing that the motion was made on behalf of Plaintiff.[66]

Here, James River presents no evidence that Plaintiff acted in bad faith. Instead, James River argues that Plaintiff failed to inform James River that the non-diverse defendant was dismissed from the case. Even assuming that James River was not served with notice that the non-diverse defendant was dismissed from the case, the Order dismissing the non-diverse defendant

---

[62] Rec. Doc. 7 at 2.

[63] 28 U.S.C. § 1446(c)(1).

[64] *Tedford*, 327 F.3d at 426.

[65] Rec. Doc. 7 at 3 (citing La. Code Civ. Pro. art. 1313).

[66] *Id.* at 4.

10

was filed in the state court record. James River admits that its counsel discovered that the non-diverse defendant was dismissed while reviewing the electronic record. Furthermore, Plaintiff has presented evidence showing that the motion to dismiss was filed by the non-diverse defendant,[67] and it appears reasonable that Plaintiff's counsel assumed that the attorney who prepared the motion and submitted it to the state court also served the motion on the other parties as required by Louisiana Code of Civil Procedure article 1313. Therefore, the Court finds that James River failed to meet its burden of establishing that Plaintiff acted in bad faith in order to prevent James River from removing the action.[68]

James River also has not shown that Plaintiff engaged in forum manipulation to justify equitable tolling of the one-year period. James River does not argue that Plaintiff's claims against the non-diverse defendant was brought for the sole purpose of preventing removal. Plaintiff ultimately settled those claims, and the non-diverse defendant was dismissed from the lawsuit. James River then waited over six months to remove the case to this Court. Although it is unclear from the record whether James River ever received actual notice of the dismissal, the Order of Dismissal was filed into the record and readily accessible to counsel for James River. It is clear that this is not a case where Plaintiff sought to manipulate the rules to prevent removal. Therefore, James River has not shown that equitable tolling is warranted here because it has not established that Plaintiff attempted to "manipulate the statutory rules for federal removal jurisdiction, thereby preventing [James River] from exercising its rights."[69]

---

[67] Rec. Doc. 6-2 at 3.

[68] 28 U.S.C. § 1446(c)(1).

[69] *Tedford*, 327 F.3d at 428–29.

## V. Conclusion

Based on the foregoing, the Court finds that the removal of this case was untimely in that the case was removed more than one year after the case was filed in state court. Moreover, James River has not met its burden of showing Plaintiff acted in bad faith to prevent removal. Furthermore, James River has not shown that equitable tolling is warranted. Therefore, this case does not fall into an exception allowing removal more than a year after the suit was filed in state court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[70] is **GRANTED** and this matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this __8th__ day of May, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[70] Rec. Doc. 6.